[No. 20451.    Department Two.    February 4, 1927.]

THE STATE OF WASHINGTON, *on the Relation of Elaine Smith, Guardian, etc., Plaintiff,* v. THE SUPERIOR COURT FOR KING COUNTY *et al., Respondents.*[1]

[1] COURTS (51)—EXECUTORS AND ADMINISTRATORS (26, 36)—JURISDICTION OF PROBATE COURTS—REMOVAL—FAILURE TO INVENTORY PROPERTY—TRIAL OF TITLE TO REAL ESTATE. It is error to refuse to hear and determine a petition for the removal of an executor because of his refusal to inventory and claim certain real estate, which he claims had been conveyed by the deceased, on the theory that it would involve the trial of the title to real property; since the court should determine whether there was reasonable grounds to believe that the property belonged to the estate, and should be inventoried as such, and suit commenced by the executor to recover it or clear the title.

Application filed in the supreme court January 5, 1927, for a writ of mandamus to compel the superior

¹Reported in 252 Pac. 932.

court for King county, Smith, J., to proceed with a cause.  Granted.

*Greene & Henry,* for relator.

*Frank S. Griffith,* for respondents.

Bridges, J.—This is a mandamus proceeding.  In April, 1925, James Deaver died.  He left a will whereby he gave his property to his two sons, Oscar Deaver and Earl Ramsey Deaver, a minor.  By the terms of the will, Walter B. Allen was appointed executor and was made trustee of the interest under the will of Earl Ramsey Deaver.  Later, Mr. Allen duly qualified as executor of the will and also as trustee of the minor's interest.  He has proceeded with the administration of the estate to the point where he has presented to the court of King county his final report and a petition for distribution, which is now pending.

After the filing of the final report, the minor, through his guardian, filed a petition in the probate proceedings wherein it is alleged that the executor has failed and refused to inventory, or to report or to ask for the distribution of, lots 11, 12 and 13 in block 4 of Chilberg's Addition to West Seattle.  It is further alleged that, during the administration of the estate, the executor placed of record in the auditor's office of King county a purported deed from the deceased to his son, Oscar Deaver, covering the property above described; that this deed is a forgery; that it was never executed by the deceased; that the purported acknowledgement on it was by Mr. Allen and that it was taken after the death of James Deaver; that, if the deed was delivered at all, it was delivered after the death of the person whose estate was being administered; and that Mr. Allen at all times knew the foregoing to be the facts.  It is further alleged that the real estate belongs

to the estate and should be administered upon and distributed to the proper heirs. The prayer is that the court issue a citation to Mr. Allen, as executor and trustee, requiring him to show cause why he should not be removed both as executor and trustee.

Thereafter the court made the order prayed for and issued a citation to Mr. Allen requiring him to show cause why he should not be removed because of his failure to inventory and administer upon the real estate mentioned. Later, Mr. Allen demurred to the petition on the grounds that the court had no jurisdiction of the subject matter, that the petition does not state sufficient facts, and that the citation is irregular. At the same time he filed a motion to quash the citation, which motion was based upon substantially the same grounds as was the demurrer.

When the demurrer and the motion were presented to the trial court, he stated that he would sustain the demurrer and also the motion, because the request for the removal of the executor and trustee was but an effort to try the title to real estate which had previously been deeded to Oscar Deaver. The trial court, however, stated that he would withhold making the contemplated orders until the petitioner might present the matter to this court by a mandamus or other proper proceeding. Thereupon the petitioner instituted this proceeding and we issued an order directing the trial court to proceed with the trial of the said cause or show reason why he should not. Thereafter he made his return to the effect that he intended to sustain the demurrer and the motion and dismiss the proceeding

".  .  . on the ground and for the reason that the request for removal [of the executor and trustee] was but a subterfuge to try the title to the real estate which had been deeded by James Deaver, the deceased, in his lifetime to Oscar Deaver, his son, and that, while

a removal of the executor was asked, it could not be made until the title to the real property mentioned in said deed had been tried out, which would make the removal merely incidental and the trial of the title, the principal question, and the court had no jurisdiction to try title on a citation."

The return also is to the effect that the relator had in previous proceedings filed in the probate proceedings similar petitions, upon which various orders had been made and from which no appeal had been taken, and that because thereof the court was without jurisdiction.

It appears from the return, although the proceedings are not made a part of the record otherwise, that, on two or three previous occasions, the relator here had filed in the probate matter petitions for the removal of the executor on various grounds. Probably demurrers or motions against these petitions were sustained. At any rate, none of the petitions was brought on for hearing except one, filed in 1925, wherein it would appear from the return that the matter was heard before Honorable R. L. McCroskey, a visiting judge, who made an order or judgment to the effect that no sufficient cause for removal had been shown and dismissed the proceeding. That petition and the citation issued on it are not before us, but it is stated in the return that the question of the transfer of the real estate mentioned "was gone into." From what we have before us, we are unable to determine that the petition for removal which was heard by Judge McCroskey was based in whole or in part upon the refusal of the executor to inventory the real estate now involved. Indeed, at the oral argument, as we remember it, it was stated that that petition for removal was based upon other grounds than those now given.

The whole matter, prior to the filing of the petition which is now under consideration, is in a very confused state. It is almost impossible for us to tell what has been done. Under these circumstances, it seems that the thing for us to do is to ignore the former proceedings and confine our consideration to the last petition for removal, which is based solely on the ground that the executor has fraudulently refused to inventory and administer upon the real estate which we have described.

[1] Oscar Deaver is not a party to this proceeding. It is stated somewhere that he is not even a resident of this state. The citation was not issued to him. For this reason, the court cannot in this proceeding actually try out and adjudicate the title to the disputed property. It is true, as the trial court says in his return, that the question as to whether there should be a removal cannot be determined without making inquiry into the question as to whether the executor should claim the real estate as an asset of the estate and inventory the same, but it does not necessarily follow that the trial court would be required to try and finally determine the title to the real estate. It would have been more orderly, probably, had the petition, after setting out the alleged facts, asked that the executor be required to inventory the property and that, after the hearing, he be removed for the reason that he had not been faithful to the interests of the estate. And the petition ought to be considered as amended in the respects suggested. There is no reason why in this proceeding the trial court cannot hear testimony for the purpose of determining whether there are grounds to believe that the real estate in question belongs to the estate of the deceased and should be inventoried. If, upon such a hearing, the court is convinced that the deed which was made to Oscar Deaver is valid and the

estate has no interest in the property, and therefore it should not be inventoried or administered upon, then he will, of course, dismiss the proceedings. But if the testimony convinces him that there is ground to believe that the deed is void for the reasons alleged in the petition and that the property belongs to the estate, then he can make an order directing the property to be inventoried and, if he see fit, also an order directing the executor to institute an independent suit against Oscar Deaver for the purpose of trying the title to the property and quieting it in the estate. If the testimony convinces the court that the executor and trustee has not been faithful to his estates and that the substance of the allegations of the petition with reference to fraud in connection with the deed is true, then, of course, it would be his duty to make an order removing the executor and trustee and appointing someone else in his stead.

Let the petition for removal be considered as amended in the way we have suggested, let the court overrule the demurrer and deny the motion, let the executor and trustee answer the petition as amended, let the court then hear such testimony as the parties may present touching the matter involved, and then make such orders as would appear to be right. The alternative writ of mandamus heretofore made is now made final to the extent hereinbefore indicated.

Because of the peculiar condition of the record and the assertion of Mr. Allen that he has at all times been willing to submit himself to the court to the extent we have indicated, neither party will recover of the other any costs in this court.

MACKINTOSH, C. J., PARKER, ASKREN, and TOLMAN, JJ., concur.